USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/2021

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
TRUSTEES OF TRUSTEES OF THE           :
DISTRICT COUNCIL NO. 9 PAINTING       :
INDUSTRY INSURANCE FUND AND           :
TRUSTEES OF THE DISTRICT COUNCIL      :   21 Civ. 5632 (VM)
NO. 9 PAINTING INDUSTRY ANNUITY       :
FUND AND DISTRICT COUNCIL NO. 9       :   DECISION AND ORDER
INTERNATIONAL UNION OF PAINTERS       :
AND ALLIED TRADES, A.F.L.-C.I.O.      :
                                      :
                    Petitioners,      :
                                      :
    - against -                       :
                                      :
DRYWALL & ACOUSTICS OF N.E. INC.,     :
                                      :
                    Respondent.       :
-------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Petitioners Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund and District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (collectively, "Petitioners"), bring this action against Drywall & Acoustics of N.E. Inc. a/k/a Drywall & Acoustics of Northeast Inc. ("Respondent") to confirm an arbitration award. Now before the Court is Petitioners' unopposed petition to confirm the award. (See "Petition," Dkt. No. 1.) For the reasons discussed below, the Petition is GRANTED.

A court reviewing an arbitration award should confirm that award so long as the arbitrator "acted within the scope

1

of his authority" and "the award draws its essence from the agreement." Local 1199, Drug, Hosp. & Health Care Employees Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992). Even where a Court may believe the arbitrator was incorrect, an award should be confirmed if the decision was within the scope of the arbitrator's authority. See, e.g., United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987) ("As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision."); Abram Landau Real Estate v. Bevona, 123 F.3d 69, 74-75 (2d Cir. 1997) ("Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority.") (citing Leed Architectural Products, Inc. v. United Steelworkers of Am. Local 6674, 916 F.2d 63, 65 (2d Cir. 1990)). Generally, confirmation of an arbitration award is a "'summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). Accordingly, the court "must grant the

award unless the award is vacated, modified, or corrected." Id. (internal quotations omitted).

Here, the Court treats the unopposed motion as one for summary judgment. See D.H. Blair, 462 F.3d at 109; see also Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Empire Masonry, LLC, No. 19 Civ. 1233, 2019 WL 11270457, at *1 (S.D.N.Y. June 5, 2019) ("Because Respondent has failed to appear or respond to the petition, the Court regards the petition as an unopposed motion for summary judgment.").

Having reviewed the petition, the memorandum of law, as well as the accompanying documents, the Court is persuaded that the arbitrators acted within the scope of their authority. The Court therefore will confirm the arbitration award. Likewise, the Court is persuaded that post-judgment interest is warranted. See Trustees for The Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc., No. 15 Civ. 6628, 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) ("Awards of post-judgment interest under § 1961 are mandatory." (citing Cappiello v. ICD Publ'ns, Inc., 720 F.3d 109, 113 (2d Cir. 2013); Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100-01 (2d Cir. 2004)).

The Court is likewise persuaded that Petitioners' request for attorneys' fees is proper based on their representations that Respondent has refused to comply with the arbitration award. See, e.g., Trustees of the New York City Dist. Council of Carpenters Pension Fund v. Coastal Env't Grp., Inc., No. 16 Civ. 6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016). However, Petitioners have failed to support their request for attorneys' fees and costs with time records or other support. See New York State Ass'n for Retarded Child., Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) ("[A]ny attorney . . . who applies for court-ordered compensation in this Circuit for work done . . . must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done.").

Therefore, for the reasons stated above, it is hereby

**ORDERED** that the Petition (Dkt. No. 1) to confirm an arbitration award of Petitioners Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund and District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. is **GRANTED** in the amount of $7,760.02 with post-judgment interest; and it is further

**ORDERED** that Petitioners are hereby directed to submit a request for attorneys' fees and costs, along with records in support, substantiating the reasonableness of the proposed award. Otherwise, Petitioners shall inform the Court whether they intend to forego the request for fees and costs.

**SO ORDERED.**

Dated: New York, New York
       16 August 2021

_____
Victor Marrero
U.S.D.J.